IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMSON OLUMWSEUN ADEYEMI,    )
        Petitioner,    )    Civil Action No. 13-216 Erie
                            )
        v.    )    Judge Arthur J. Schwab
                            )
BOBBY L. MEEKS,    )
        Respondent.    )

**O P I N I O N**

**I.    Introduction**

Before this Court is a petition for a writ of habeas corpus filed by federal prisoner Samson Olumwseun Adeyemi pursuant to 28 U.S.C. § 2241. For the reasons that follow, the petition is dismissed for lack of jurisdiction.

**II.    Discussion**

    **A.    Relevant Background**

In October of 2006, Petitioner was tried before a jury in the U.S. District Court for the Eastern District of Pennsylvania for several crimes related to the robberies of two fast food restaurants located in Philadelphia, Pennsylvania. In relevant part, at Counts 3 and 5 he was charged with using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The jury found Petitioner guilty of both charges.

Pursuant to 18 U.S.C. § 924(c)(l)(A)(ii), the mandatory minimum sentence for possession of a firearm during and in relation to a crime of violence is not less than 7 years "if the firearm is brandished[.]" Pursuant to 18 U.S.C. § 924(c)(l)(C), in the case of a "second or subsequent conviction," the mandatory minimum sentence is not less than 25 years.

1

On January 8, 2007, the Eastern District Court of Pennsylvania sentenced Petitioner to the mandatory minimum term of 7 years' imprisonment on Count 3, and to a consecutive term of 25 years' imprisonment on Count Five.[1] At the time, the judge could decide, with respect to Petitioner's first conviction under § 924(c) (Count 3), whether Petitioner's conduct met the requirements to impose the mandatory minimum sentence of 7 years for "brandishing" a firearm, 18 U.S.C. § 924(c)(l)(A)(ii). Harris v. United States, 536 U.S. 545 (2002). The U.S. Supreme Court recently overruled its decision in Harris in Alleyne v. United States, — U.S. — , 133 S.Ct. 2151 (2013). In Alleyne, which was decided on direct appeal, the Supreme Court extended its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), and held that, under the Sixth Amendment, any fact that increases the mandatory minimum is an "element" that must be submitted to the jury and proven beyond a reasonable doubt. Alleyne, 133 S.Ct. at 2155-58.

Soon after Alleyne was decided, Petitioner, who is incarcerated within the territorial boundaries of the Western District of Pennsylvania, filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that the decision in Alleyne renders him actually innocent of the sentences imposed upon him at Counts 3 and 5. [ECF No. 4 at 6-7].[2]

---

[1] Petitioner filed a direct appeal in which he raised claims that are not relevant to this proceeding. On May 28, 2008, the U.S. Court of Appeals for the Third Circuit affirmed his judgment of sentence. United States v. Adeyemi, 279 F.App'x 144 (3d Cir. 2008). In 2009, Petitioner filed with the Eastern District Court of Pennsylvania a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He raised claims that are not relevant to this proceeding. The Court denied the § 2255 motion and a certificate of appealability.

[2] At the time of Petitioner's sentencing, the judge also could find that his second conviction under § 924(c) (Count 5), was a "second or subsequent" conviction under § 924(c)(1)(C) and thus qualified him to the mandatory minimum sentence of 25 years of imprisonment. In Almendarez v. Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that the Sixth Amendment does not require the government to set forth in the indictment and prove beyond a reasonable doubt the fact of a prior conviction. Almendarez-Torres was not overturned by Alleyne, and although it "may stand on shifting sands, [it] presently remains good law and … must [be] follow[ed] … until the Supreme Court expressly overrules it. United States v. Mack, 729 F.3d 594, 609 (6th Cir. 2013) (citing, inter alia, Alleyne, 133 S.Ct. at 2160 n.1). See also Sacksith v. Warden Canaan USP, — F.App'x — , 2014 WL 279754, *2 (3d Cir. Jan. 27, 2014) ("Contrary to Sacksith's contention, the Supreme Court's decision in Alleyne did not undermine Almendarez-Torres in any way. Instead, the Supreme Court explicitly declined to revisit Almendarez–Torres.") (citing Alleyne, 133 S.Ct. at 2160 n.1 and United States v. Blair, 734 F.3d 218, 226-27 (3d Cir. 2013)).

Respondent has filed his Answer [ECF No. 13], to which Petitioner has filed a Reply [ECF No. 14].

**B.    Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). A habeas corpus action pursuant to § 2241 must be brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

---

Thus, although the Court lacks jurisdiction over both of Petitioner's claims and will not decide them on the merits, his reliance on Alleyne to challenge the sentence imposed at Count 5 is misplaced.

Importantly, § 2255 prohibits district courts from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause," "safety valve," or "safety hatch."

Petitioner, who is imprisoned within the territorial boundaries of this Court, contends that the sentenced imposed upon him by Eastern District Court of Pennsylvania is unconstitutional. His claims are precisely the type that must be brought in a § 2255 motion before the district court that tried and sentenced him. Of course, this Court is aware that since Petitioner has already filed one § 2255 motion in the Eastern District Court of Pennsylvania, he cannot at the present time file a second one. That is because the 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255 bar a federal prisoner from filing a second or successive § 2255 motion unless the appropriate court of appeals certifies the filing contains, in relevant part, a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). See also 28 U.S.C. § 2244(a). Since the Supreme Court has not held that Alleyne is retroactive to cases on collateral review, the courts of appeals cannot authorize a federal prisoner to file a second or successive § 2255 motion based upon that decision. In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (holding that Alleyne is "a new rule of constitutional law," but declining to authorize the petitioner to file a second or successive § 2255 motion because the Supreme Court has not made it retroactive to cases on collateral review); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (same); United States v. Redd, 735 F.3d 88, 91 (2nd Cir.

4

2013) (even if Alleyne did announce "a new rule of constitutional law," the Supreme Court did not hold that it was retroactive to cases on collateral review).³

Thus, the question before this Court is whether the fact that Petitioner cannot raise his Alleyne claims in another § 2255 motion with the Eastern District Court of Pennsylvania makes the § 2255 remedy "inadequate or ineffective to test the legality of his detention[,]" 28 U.S.C. § 2255(e), thereby allowing him to utilize § 2241. It is Petitioner's burden to establish that the remedy under § 2255 is inadequate or ineffective. See, e.g., Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). In this case, Petitioner has not met the requisite burden.

In its landmark case In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), the Court of Appeals for the Third Circuit recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 to prohibit the filing of second or successive motions. Importantly, in that case the Court of Appeals for the Third Circuit stressed that § 2255's remedy *is not* "inadequate or ineffective" solely because the petitioner cannot meet the stringent gatekeeping requirements of AEDPA and file a second or successive § 2255 motion with the district court that convicted and sentenced him. Although, the court in Dorsainvil concluded that the circumstance presented in that case was the rare one in

---

³   The U.S. Court of Appeals for the Seventh Circuit has predicted that the Supreme Court would not make Alleyne retroactive to cases on collateral review:

> Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review. See Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). This implies that the Court will not declare Alleyne to be retroactive. See also Curtis v. United States, 294 F.3d 841 (7th Cir. 2002) (Apprendi itself is not retroactive). But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that Alleyne applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. § 2244(b)(2)(A).

Id. See also In re Payne, 733 F.3d at 1030 (agreeing with the Court of Appeals for the Seventh Circuit that the Supreme Court will not declare Alleyne to be retroactive).

5

which a federal prisoner could challenge the validity of his conviction under § 2241, it expressly stated:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of [AEDPA's amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."

Dorsainvil, 119 F.3d at 251. See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, *or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255*."); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."); Gilbert v. United States, 640 F.3d 1293, 1308 (10th Cir. 2011) ("We join all other circuits in refusing to interpret the savings clause in a way that would drop the §2255(h) bar on second and successive motions, defeat its purpose, and render it pointless.")

The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from

6

the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil applied to the Court of Appeals for the Third Circuit for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or successive § 2255 motion. Although Bailey was a substantive rule that applied retroactively to cases on collateral review, Bousley v. United States, 523 U.S. 614, 620-21 (1998), the Supreme Court's decision in Bailey was one of *statutory construction*, and therefore did not constitute "a new rule of *constitutional law . . .* that was previously unavailable[.]" Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

The Court of Appeals for the Third Circuit concluded that under the circumstances, Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, therefore, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255.*" Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").

> The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."
>
> There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51 (emphasis added).

Petitioner contends that this case falls within § 2255's "savings clause" because, just as Bailey rendered Dorsainvil potentially actually innocent of violating § 924(c)(1), the decision in Alleyne renders him actually innocent of: (1) brandishing a firearm under 18 U.S.C. § 924(c)(1), and hence the mandatory minimum sentence of 7 years at Count 3; and, (2) at Count 5 the mandatory minimum sentence of 25 years for a second or subsequent conviction pursuant to 18 U.S.C. § 924(c)(1)(C). [ECF No. 4 at 6-7].

Petitioner's argument is without merit. The Court of Appeals for the Third Circuit has excluded from the ambit of Dorsainvil the type of sentencing claims that he is making in this case. In Okereke v. United States, 307 F.3d 117 (3d Cir. 2002), the petitioner argued in a § 2241 habeas corpus petition that the sentence imposed upon him violated the Supreme Court's holding

in Apprendi because the judge increased his sentence on the basis of drug quantity not found by a jury. The Court of Appeals for the Third Circuit rejected his argument, holding:

> Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. See Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). In In re Dorsainvil, we interpreted the statutory language providing that § 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is "inadequate or ineffective." 119 F.3d 245, 251 (3d Cir.1997). We found such a situation in In re Dorsainvil, where the petitioner was in the "unusual position" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. Id. In short, Dorsainvil may have been convicted for conduct the Supreme Court in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), deemed not to be criminal. See id.
>
> The District Court held that Okereke's case fit within the narrow exception of In re Dorsainvil on the ground that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was an intervening change in law that Okereke could not have predicted and could not have used as the basis of a § 2255 motion. However, In re Dorsainvil was a rare situation. A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).
>
> - - -
>
> Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which that petitioner was convicted non-criminal, *Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal*. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Id. at 121 (emphasis added).

In the recent non-precedential decision of Jackson v. Shartle, 535 F.App'x 87 (3d Cir. 2013), the Court of Appeals for the Third Circuit relied on its holding in Okereke to reject the petitioner's argument that the decision in Alleyne permitted him to utilize § 2255's savings clause so that he could challenge the validity of his sentence in a § 2241 petition. The court held:

9

> In this case, Jackman cannot avail himself of the "safety valve." He relies on the recent United States Supreme Court case <u>Alleyne v. United States</u>, – U.S. –, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), to support his petition. <u>Alleyne</u> is an extension of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that that defendants have the Sixth Amendment right to a jury finding beyond a reasonable doubt of all facts that increase the penalty for a crime beyond the statutory maximum sentence. Specifically, <u>Alleyne</u> overruled the Supreme Court's decision in <u>Harris v. United States</u>, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and held that the rule of <u>Apprendi</u> applies to facts that increase the statutory minimum sentence. *Because we have held that <u>Apprendi</u> claims must be brought pursuant to § 2255, not § 2241, <u>see</u> <u>Okereke</u>, 307 F.3d at 120-21, it follows that <u>Alleyne</u> claims must be brought pursuant to § 2255 as well. Thus, the District Court did not err in dismissing Jackman's § 2241 petition for lack of jurisdiction.*

<u>Jackman</u>, 535 F.App'x at 89 (emphasis added). <u>See</u> <u>also</u> <u>Sacksith v. Warden Canaan USP</u>, — F.App'x at ___, 2014 WL 279754 at *2 ("<u>Alleyne</u> is essentially an extension of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000)…. We have held that '§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his <u>Apprendi</u> argument,' <u>Okereke</u>, 307 F.3d at 121, and there is no basis to treat claims brought under <u>Alleyne</u> differently. Thus, the District Court did not err in dismissing Sacksith's § 2241 petition.") (bracketed text in original).

In conclusion, Petitioner's claims do not fall within the narrow "savings clause" exception set forth in <u>Dorsainvil</u>. The Court recognizes that <u>Dorsainvil</u> does not answer the question of whether the circumstance the Court of Appeals for the Third Circuit confronted in that case is the *only* situation in which a petitioner may be able to establish the adequacy or ineffectiveness of § 2255's remedy. 119 F.3d at 252 ("Our holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one. In the posture of the case before us, we need go no further to consider the other situations, if any, in which the 'inadequate or ineffective' language of § 2255 may be applicable."). However, it is as of this date the only circumstance recognized by the Court of Appeals for the Third Circuit since the enactment of AEDPA, and there is nothing about

10

Petitioner's case that justifies recognizing any exception in addition to the narrow rule in Dorainvil.

Because this case does not present the rare situation rendering § 2255 inadequate or ineffective, this Court does not have jurisdiction and the petition is dismissed.

**III.     Certificate of Appealability**

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement.  United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

BY THE COURT:

Date: February 4 , 2014

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

Notice by CM/ECF to all counsel of record
And by first-class mail to:

Samson Olumwseun Adeyemi
60450-066
McKean
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 8000
Bradford, PA 16701